UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| KMH SYSTEMS, INC., | ) |  |
|---|---|---|
| Plaintiff, | ) ) ) |  |
| v. | ) ) | Case No. 3:18-CV-908 JD |
| CAPITAL EQUIPMENT AND HANDLING, INC., et al., | ) ) ) |  |
| Defendants. | ) ) |  |

## OPINION AND ORDER

KMH Systems, Inc. provides products and services related to materials handling equipment. After one of its employees left to join a competitor, KMH Systems sued both of them. It alleges that they are soliciting its customers in violation of a non-disclosure agreement the former employee, Bradley Horvath, signed during his employment. KMH Systems asserted claims against Mr. Horvath and his new employer, Capital Equipment and Handling, Inc., for breach of contract, fraud, and tortious interference.

Since filing this case in state court, though, KMH Systems has done little to advance it. Its only filing has been a response to a motion to disqualify counsel—a filing that was untimely and filed in the wrong case. In the meantime, Capital Equipment filed a motion to dismiss, as well as a motion for sanctions. KMH Systems did not respond to either motion, nor has it ever served Mr. Horvath. As explained below, the Court dismisses the claims against Mr. Horvath for lack of service; dismisses the claims against Capital Equipment on their merits; and imposes sanctions against KMH Systems for filing in bad faith and abusing the judicial process.

Bradley Horvath worked for KMH Systems for several years. In June 2011, he signed a Non-Disclosure Agreement. In that agreement, Mr. Horvath agreed not to "divulge, reveal,

report, publish, transfer or disclose," either during or after his employment, any proprietary information he obtained through his employment. In 2017, Mr. Horvath left KMH Systems and began working for Capital Equipment, one of its competitors. Shortly thereafter, KMH Systems, by its present counsel, sent him a "cease and desist" letter. The letter asserted that the Non-Disclosure Agreement "prohibits [Mr. Horvath] from contacting any customer of KMH Systems, Inc. at this time," and that Mr. Horvath had breached that agreement by soliciting KMH Systems' customers. [DE 23-1 p.8]. An attorney representing Mr. Horvath and Capital Equipment responded to that letter by pointing out that the agreement "in no way prohibits Mr. Horvath from contacting customers of KMH, or soliciting or serving those customers; it simply prohibits him from disclosing certain confidential information." [DE 23-2 p. 6].

KMH Systems never responded. Instead, about a year later, it filed this suit against both Mr. Horvath and Capital Equipment. The complaint alleges that Capital Equipment has been servicing "customers and clients of KMH based upon contacts made by Horvath at Capital Equipment's direction." [DE 6 ¶ 18]. It alleges that despite a "written request to cease contacting KMH customers and clients," Mr. Horvath and Capital Equipment continue to do so, in violation of the Non-Disclosure Agreement. *Id.* ¶¶ 19–20. The complaint, which was filed in state court, asserts four counts against both defendants: breach of contract, fraudulent inducement, breach of the implied covenant of good faith and fair dealing, and tortious interference with contract.

Capital Equipment removed the case to federal court. After its motion to disqualify KMH Systems' counsel was denied, Capital Equipment moved to dismiss the claims against it for failure to state a claim. It also noted that Mr. Horvath had never been served, even though the time provided under the federal rules had long since expired. KMH Systems never responded to that motion. Capital Equipment filed another motion in which it reiterated those arguments and

noted KMH Systems' failure to respond to the motion to dismiss; again, KMH Systems did not respond. Finally, Capital Equipment moved for sanctions against KMH Systems for litigating in bad faith. KMH Systems did not respond, and those motions are each ripe. The Court thus addresses the claims against Mr. Horvath and Capital Equipment and then considers the motion for sanctions.

### A.  Mr. Horvath

At the outset, the Court dismisses the claims against Mr. Horvath for lack of service. KMH Systems filed this case in state court in June 2018, and the case was removed in November 2018. Rule 4(m) allows 90 days to complete service, and that period begins running on the date of removal in a case initially filed in state court. *UWM Student Assoc. v. Lovell*, 888 F.3d 854, 858 (7th Cir. 2018). This case was removed nine months ago, meaning the deadline to complete service expired six months ago, yet KMH Systems has not served Mr. Horvath. Under Rule 4(m), if a defendant is not timely served, then upon a motion or after providing notice to the plaintiff, a court may dismiss the action without prejudice. Though Mr. Horvath has not appeared or moved to dismiss, Capital has twice noted the lack of service and requested dismissal of the claims against Mr. Horvath. [DE 21 p. 3 n.3; DE 22]. Those motions gave KMH Systems ample notice that its claims against Mr. Horvath were subject to dismissal. Since KMH Systems failed to respond to those motions, and has not served Mr. Horvath or otherwise explained its failure to do so, dismissal is appropriate. Accordingly, the Court dismisses the action without prejudice as to Mr. Horvath.

### B.  Capital Equipment

Next, Capital Equipment moved to dismiss the claims against it on their merits. Capital Equipment argues that Counts 1 and 3, which assert breach of contract theories, fail because the contract was only between KMH Systems and Mr. Horvath, and thus cannot support a claim

against Capital Equipment. As to the fraudulent inducement claim in Count 2, Capital Equipment argues that the complaint fails to allege fraud with particularity, as required by Rule 9(b), and that in any event, the complaint fails to allege that Capital Equipment had anything to do with KMH Systems' entry into an agreement with Mr. Horvath in 2011. Finally, as to the tortious interference claim in Count 4, Capital Equipment argues that the complaint not only lacks sufficient detail to state a claim and provide notice of what conduct is complained of, but that KMH Systems pled itself out of court by alleging a legitimate justification for its conduct: competition to acquire clients.

KMH Systems failed to file any response to the motion, and thus forfeited its claims. The Seventh Circuit has held that "a district court may hold a claim forfeited if a plaintiff fails to respond to the substance of the defendant's motion to dismiss." *Boogaard v. Nat'l Hockey League*, 891 F.3d 289, 295 (7th Cir. 2018); *see also Alarm Detection Sys., Inc. v. Village of Schaumburg*, 930 F.3d 812 (7th Cir. 2019) (holding that the plaintiff waived a claim by failing to address it in response to a motion to dismiss). That is the case here. KMH Systems is represented by counsel, and if it intended to pursue these claims and believed it had a meritorious response to the motion to dismiss, surely it would have filed a response. As it stands, KMH Systems has presented no argument in support of its claims, and it is not the Court's role to construct an argument for it. *Riley v. City of Kokomo*, 90 F.3d 182, 190 (7th Cir. 2018) ("'It is not the obligation of the court to research and construct the legal arguments open to parties, especially when they are represented by counsel.'" (quoting *Beard v. Whitley Cty. TEMC*, 840 F.2d 405, 408–09 (7th Cir. 1988))). Dismissal is therefore appropriate.

Ordinarily, a dismissal at this stage would be without prejudice, to allow the plaintiff a chance to amend, but that is not warranted here. First, as just discussed, KMH Systems' failure to

respond to the motion to dismiss—or to meaningfully participate in this case at all—suggests that it does not intend to pursue these claims. Second, it does not appear that the defects raised in Capital Equipment's motion to dismiss could be cured by an amended complaint. The breach of contract claims fail because, as repeatedly acknowledged in the complaint and as confirmed by the agreement, the contract was between KMH Systems and Mr. Horvath, not Capital Equipment. As to the fraudulent inducement claim, there is no reason to believe that Capital Equipment, which did not begin employing Mr. Horvath until 2017, played any role in inducing KMH Systems' entry into the contract in 2011. And KMH Systems plead itself out of court on the tortious interference claim, as the competitive justification it alleged for Capital Equipment's conduct forecloses its claim. Accordingly, the Court dismisses the claims against Capital Equipment with prejudice.[1]

## C. Sanctions

Finally, Capital Equipment filed a motion for sanctions against KMH Systems. It argues that KMH Systems' claims lack any basis in the law; that they are founded upon facts that are either misrepresentations or simply inapplicable; and at bottom that the claims were presented for the improper purpose of chilling competition. Capital Equipment cites three sources of authority for imposing sanctions: Rule 11; section 1927; and a court's inherent authority. Rule 11 does not apply, though. KMH Systems filed its complaint in state court, at which point the Federal Rules of Civil Procedure did not apply. As the Seventh Circuit has made clear, "'Rule 11 only provides sanctions for papers signed and filed in the federal court.'" *Bisciglia v. Kenosha Unified Sch. Dist., No. 1*, 45 F.3d 223, 227 (7th Cir. 1995) (quoting *Schoenberger v. Oselka*, 909

---

[1] Because this disposes of all of the claims in this action, the Court will direct entry of judgment at this time. The pending sanctions, which have yet to be quantified, do not prevent entry of final judgment. *Nieman v. Hale*, 541 F. App'x 693, 697 (7th Cir. 2013); *Cleveland v. Berkson*, 878 F.2d 1034, 1036 (7th Cir. 1989).

F.2d 1086, 1087 (7th Cir. 1990)). Because KMH Systems has not defended or advocated for the claims asserted in its complaint since the case's removal to federal court, it cannot be sanctioned under Rule 11. For similar reasons, it is also at least arguable whether sanctions can be imposed under § 1927, which applies when an attorney "multiplies the proceedings in any case unreasonably and vexatiously." 28 U.S.C. § 1927; *see Boyer v. BNSF Ry. Co.*, 832 F.3d 699, 700–01 (7th Cir. 2016). The Seventh Circuit has held, however, that courts have the inherent authority to impose sanctions for abusing the judicial process or pursuing a bad-faith litigation strategy, even if the case was initiated in another court. *Id.*; *see also Chambers v. NASCO, Inc.*, 501 U.S. 32, 57 (1991); *Carr v. Tillery*, 591 F.3d 909, 919 (7th Cir. 2010). The Court therefore considers whether sanctions are warranted in the exercise of its inherent authority.

"A district court may impose sanctions under its inherent authority 'where a party has willfully abused the judicial process or otherwise conducted litigation in bad faith.'" *Fuery v. City of Chicago*, 900 F.3d 450, 463 (7th Cir. 2018) (quoting *Tucker v. Williams*, 682 F.3d 654, 661–62 (7th Cir. 2012)). "Mere clumsy lawyering is not enough," but sanctions may be appropriate if a party acts in "bad faith, vexatiously, wantonly, or for oppressive reasons." *Id.* at 463–64; *Goodyear Tire & Rubber Co. v. Haeger*, 137 S. Ct. 1178, 1186 (2017) (noting that a court's inherent authority "includes the ability to fashion an appropriate sanction for conduct which abuses the judicial process"). The Court finds that sanctions are warranted here, as multiple factors support the conclusion that KMH Systems filed this litigation vexatiously and in bad faith, in that it did not file this action to protect its legal interests, but in an attempt to harass a competitor and stifle competition.

First, KMH Systems filed claims that are legally frivolous and based on patent misrepresentations of the law. For example, it asserted breach of contract claims against Capital

6

Equipment for breaching a contract that it admits Capital Equipment was not a party to. However, "contract claims in Indiana may be brought only against a party to the contract or those in privity with a party." *Winkler v. V.G. Reed & Sons, Inc.*, 619 N.E.2d 597, 599 (Ind. Ct. App. 1993). The complaint alleges that Capital Equipment is bound by the contract "by virtue of employing Defendant Horvath," [DE 6 ¶ 8], but employing a party to a contract does not make someone liable for any contracts previously entered by that party. *Crystal Valley Sales, Inc. v. Anderson*, 22 N.E.3d 646, 654 (Ind. Ct. App. 2014). KMH Systems also asserts in support of its claim for breach of an implied duty of good faith and fair dealing that the "covenant of good faith and fair dealing is implied in *every contract* governed by Indiana law." [DE 6 ¶ 42 (emphasis added)]. The general rule in Indiana is exactly the opposite, though: "Indiana law does not impose a generalized duty of good faith and fair dealing on every contract[.]" *Gerdon Auto Sales, Inc. v. John Jones Chrysler Dodge Jeep Ram*, 98 N.E.3d 73, 82 (Ind. Ct. App. 2018) (noting that such a duty is implied only in limited circumstances, such as employment or insurance contracts, or when the contract is ambiguous).

The complaint also contains factual misrepresentations and utter non sequiturs. In multiple instances, for example, the complaint purports to quote or recite provisions from the agreement that are not actually contained in the agreement. It alleges that the agreement states that upon a breach, KMH Systems would be entitled to equitable relief "without the necessity of posting bond or other security or proving actual damages," [DE 6 ¶ 23], when the agreement says no such thing. It also alleges that the agreement's express terms require the defendants "to take all reasonable measures to protect the secrecy of and avoid disclosure and use of KMH's Confidential Information," *id.* ¶ 31, when in fact the agreement only requires Mr. Horvath not to "divulge, reveal, report, public, transfer or disclose" confidential information. [DE 21-1].

Other allegations are nonsensical and bear no apparent relation to the dispute. For example, the complaint makes passing references to a "Chinese press strategy" and suggests that "Chinese regulatory authorities will demand access to the Prohibited Material," (a term that does not appear in the agreement). [DE 6 ¶ 39]. Elsewhere it refers to KMH Systems' obligation to grant patent licenses on fair, reasonable, and nondiscriminatory terms and conditions, and to Capital Equipment's "prosecution of a lawsuit that is based on the Prohibited Material." *Id.* ¶¶ 15, 38. Those allegations come out of nowhere and appear to have been cut-and-pasted from some other complaint.[2] As Capital Equipment argues, this reflects a failure to read and consider before litigating, which suggests an absence of intent to litigate in good faith.

Moreover, there are multiple indications that KMH Systems' true reason for filing the complaint is to curb competition and to prevent Capital Equipment from seeking to acquire its clients. After Mr. Horvath left to join Capital Equipment, KMH Systems sent him a cease-and-desist letter in which it asserted that his non-disclosure agreement "prohibits [him] from contacting any customer of KMH Systems." The agreement does no such thing, though; it merely prohibits him from using or disclosing proprietary information. KMH Systems echoed that allegation in this case, complaining that Capital Equipment has been doing business with KMH Systems' clients, and that despite sending a "written request to cease contacting KMH customers and clients," Capital Equipment "refuses to stop contacting clients and customers of KMH and continues to employ Horvath for such purposes." [DE 6 ¶¶ 18–20]. Again, nothing in the agreement prevents Mr. Horvath from contacting KMH Systems' clients—the agreement is solely a non-disclosure agreement, and does not prevent Mr. Horvath from competing against

---

[2] Many of the seemingly misplaced allegations in the complaint are taken verbatim from a completely unrelated complaint filed in a different case. Amended Complaint, *Vringo, Inc. v. ZTE Corp.*, No. 14-cv-4988 (S.D.N.Y. Aug. 13, 2014), ECF No. 52.

KMH Systems or soliciting its clients. Yet KMH Systems persisted with those allegations, even after Capital Equipment raised that inaccuracy in multiple letters sent both before and after the case was filed.

And finally, KMH Systems' conduct since filing this suit shows the absence of good faith. *Mach v. Will Cty. Sheriff*, 580 F.3d 495, 501 (7th Cir. 2009) ("[B]ad faith may occur beyond the filing of the case and may be found, not only in the actions that led to the lawsuit, but also in the conduct of the litigation."). Since filing this suit, KMH Systems has done almost nothing to advance it. Its only filing was an untimely response to a motion to disqualify counsel, which it filed under the wrong case number. KMH Systems did not respond to Capital Equipment's motion to dismiss, nor did it respond when Capital Equipment requested dismissal for the failure to respond to that motion. It did not file a response to the motion for sanctions, either.[3] If KMH Systems had a good faith basis for this suit, it should have responded to that motion and explained how. Its failure to do any of those things suggests that its true aim in filing this suit was not to protect its legitimate legal interests, but to chill competition—to hope that Capital Equipment would be cowed by the threat of litigation and the costs of defending a suit into ceasing doing business with KMH Systems' customers.

Though KMH Systems was able to pursue those ends for only the cost of a filing fee, in doing so it inflicted costs on Capital Systems, which has now had to retain counsel and defend the vexatious claims. The Court thus finds that sanctions are warranted for this abuse of the judicial process. The Court will award Capital Systems the reasonable attorneys' fees and costs it has incurred in defending this suit since its filing. *See Goodyear*, 137 S. Ct. at 1188 ("If a

---

[3] Nor did it respond to Capital Equipment's Rule 11(c) notice or its other pre- and post-suit letters inquiring into the basis for KMH Systems' claims.

plaintiff initiates a case in complete bad faith, so that every cost of defense is attributable only to sanctioned behavior, the court may . . . make a blanket award [of attorneys' fees]."). The Court intends to impose that amount against both KMH Systems and its attorney.

**D.     Conclusion**

For those reasons, the Court GRANTS Capital Equipment's motion to dismiss. [DE 20]. The claims against Capital Equipment are dismissed with prejudice, and the claims against Mr. Horvath are dismissed without prejudice. The Clerk is DIRECTED to enter judgment accordingly. The request for ruling [DE 22] is DENIED as unnecessary and as moot.

The Court also GRANTS Capital Equipment's motion for sanctions. [DE 23]. Capital Equipment may file an itemization of its attorneys' fees and costs by August 30, 2019; KMH Systems may file any response by September 13, 2019.

SO ORDERED.

ENTERED:  August 19, 2019

/s/ JON E. DEGUILIO
Judge
United States District Court